UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK BARNA,<br><br>        Plaintiff,<br><br>v.<br><br>PROGRESSIVE INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendants. | CIVIL ACTION NO. 3:22-CV-01845<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a motion for summary judgment filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. 21; Doc. 22). This case arises from the claim of Plaintiff, Derek Barna ("Barna"), that State Farm wrongfully denied him underinsurance money that he is entitled to under his parents' insurance policies. (Doc. 1-1). For the following reasons, State Farm's motion for summary judgment shall be **GRANTED** (Doc. 21), and Barna's complaint shall be **DISMISSED with prejudice**. (Doc. 1-1).

1. **PROCEDURAL AND FACTUAL BACKGROUND**[1]

On August 10, 2020, Barna was involved in a car accident while traveling on State Route 940 in Luzerne County, Pennsylvania. (Doc. 23, ¶ 3; Doc. 25, ¶ 3). Barna testified that the accident occurred in the following manner: "I was driving my dad's Cavalier. And a lady

---

[1] The relevant factual summary is taken from the parties' statement of facts, responses thereto, and supporting exhibits. (Doc. 23; Doc. 25).

tried to make a turn in front of me and I tried to put on my brakes and then I T-boned her. That's pretty much it." (Doc. 23-1, at 82). Due to the severity of Barna's injuries, the at-fault motorist's insurance policy did not cover the full cost of Barna's medical treatment, nor did the insurance policy on the vehicle Barna was driving.[2] (Doc. 23, ¶¶ 2-4; Doc. 24, at 1; Doc. 25, ¶ 4). Accordingly, Barna seeks to recover underinsured motorist benefits under the policies issued to his stepfather's ("Stepfather") and mother's ("Mother") policies by State Farm. (Doc. 23, ¶¶ 5,7; Doc. 24, at 2-3; Doc. 25, ¶¶ 5,7,10). Specifically, Barna seeks $175,000 of collective underinsurance money under both these policies. (Doc. 23, ¶¶ 5-7).

Barna filed this action in the Lackawanna County Court of Common Pleas on October 20, 2022. (Doc. 24-1, at 2). On the basis of diversity, State Farm filed a Notice of Removal to this Court on November 18, 2022. (Doc 1, ¶¶ 13-17). State Farm filed the instant motion for summary judgment on June 22, 2023. (Doc. 21). Barna filed a brief in opposition to the motion for summary judgment on July 12, 2023. (Doc. 24). State Farm filed a reply brief on July 26, 2023. (Doc. 26). This matter was reassigned to the undersigned District Judge on February 7, 2024. Accordingly, the matter is ripe for disposition.

2. **LEGAL STANDARDS**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled

---

[2] Liza Barna is cited by both parties as the owner of the Chevrolet Cobalt that Barna was driving on the day of the accident and as holder of the General Automobile Insurance Services Incorporated policy, but neither party clarifies her relation to the Plaintiff. (Doc. 22, at 1-2; Doc. 23, ¶¶ 2,4; Doc. 24, at 1-2; Doc. 25, ¶¶ 2,4).

2

to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case which it bears

3

the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential).

3. **DISCUSSION**

At issue in this matter is whether Barna is a "resident relative" under either policy issued by State Farm to Barna's Stepfather or Mother. State Farm submits that it is entitled to summary judgment as Barna is not a "resident relative" under either policy. (Doc. 21, ¶¶ 3-5; Doc. 22, at 2-5). Barna argues that he is a "resident relative" because he still lives in his parent's residence. (Doc. 25, ¶ 12).

Underinsurance is a form of insurance coverage that will pay up to policy limits if an at-fault motorist's insurance cannot cover the full cost of the accident damage. (Doc. 23-1, at 52). Under State Farm's policies, the underinsured coverage extends to "resident relatives." (Doc. 23-1, at 52). The State Farm policy defines a "resident relative" as follows:

> Resident Relative means a person other than you, who resides primarily with the first person shown as a named insured on the Declarations Page and who is:
>
> 1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
>
> 2. a ward or foster child of that named insured, his or her spouse, or a person described in 1. Above.

(Doc. 22, at 2-3; Doc. 24-1, at 28-29).

"Construction of the term 'resident' in an insurance policy is a matter of law." *Nationwide Mutual Insurance Company v. Budd-Baldwin*, 947 F.2d 1098, 1100 (3d Cir. 1991). Looking to Webster's New Collegiate Dictionary, the Third Circuit has defined the location a person lives as a resident as "where they 'occupy a home'". *Budd-Baldwin*, 947 F.2d at 1102. "[I]t is clear that to occupy a home means to be able to call that place one's own, to claim it as a place where one has a right to be." *Budd-Baldwin*, 947 F.2d at 1102. The Third Circuit considers a residence as a permanent "place where one has a right to be." *Budd-Baldwin*, 947 F.2d at 1102. Unlike, "[t]emporary visits, however frequent or regular, are simply insufficient to establish residency." *Budd-Baldwin*, 947 F.2d at 1102. Further, Courts have concluded that if a resident relative moves out of the insured's home they lose residency status, unless they move back to live with the insured full-time. *Nationwide Mutual Ins. Co. v. Kuentzler*, No. 1:CV-06-0646, 2007 WL 1726512, at *3-9 (M.D. Pa. June 14, 2007).

A "resident relative" who moves out of an insured's home will lose resident relative status except in limited circumstances, such as going to school or going on an elongated vacation. *See Budd-Baldwin*, 947 F.2d at 1103; *see also Kuentzler*, 2007 WL 1726512, at *3-9 (finding that once the plaintiff moved out he never reestablished permanent residence with the insured); *see also Nationwide Mutual Insurance Company v. Ortiz*, No. 3CV991659, 2001 WL 1076583, at *1 (M.D. Pa. August 22, 2001) (finding that an eighteen-year-old was still a resident relative after a multi-month-long vacation to see a friend); *see also Erie Insurance Exchange v. Montesano*, 273 A.3d 1070, 1071 (Pa. Super. Ct. 2022) (finding that an eighteen-year-old who left home after a fight with her family was still a resident relative because she

5

left most of her things in the family home and made efforts to come back); *see also Travelers Personal Ins. Co. v. Estate of Parzych*, 675 F.Supp.2d 505, 509-511 (E.D. Pa. 2009) (finding temporarily staying with the insured does not establish residency for the purpose of insurance claim). While a temporary absence from the home does not divorce an individual from their resident relative status, a more permanent leave does. *See Ortiz*, 2001 WL 1076583, at *1. In determining a supposed relative resident's residence, "[i]ntent is not relevant, only the physical presence of the alleged insured." *Kuentzler*, 2007 WL 1726512, at *8.

Here, the Court must determine whether Barna may be considered a resident relative under the State Farm policy. (Doc. 21, ¶ 3). The undisputed record reflects that Barna moved out of his parent's home sometime between late May and early June of 2019, over a year before the accident. (Doc. 24-1, at 80; Doc. 25, ¶ 12). The record also reflects that Barna was told by his Stepfather to leave the Stepfather's and Mother's residence and that Barna himself wanted to leave his parents' residence as per his deposition. (Doc. 24-1, at 86-89; Doc. 25, ¶ 14). Barna did not reconcile with his Stepfather or move back into his parent's residence before the accident. (Doc. 23, ¶ 14; Doc. 25, ¶ 14).

Further, the undisputed record reflects that while Barna was staying at his aunt's house, where he moved in late May or early June of 2019 after a disagreement with his Stepfather (Doc. 23, ¶¶ 12-13, 15, 16-18; Doc. 25, ¶¶ 12-13, 15-18), he moved his clothing and his Playstation, but left behind the dresser, desk, and bed, which were owned by his mom and stepfather, and his TV, which he did not use. (Doc. 24-1, at 93-97; Doc. 23, ¶¶ 16; Doc. 25, ¶¶ 15-16, 21). This record supports a finding that Barna was not a resident of his Stepfather or Mother's household. *See Budd-Baldwin*, 947 F.2d at 1102-1104 (finding because Plaintiff had a house, business, and most of his possessions outside of the insured's residence he was not a

resident relative under his sister's insurance policy); *see Montesano*, 273 A.3d at 1071 (finding as a factor that plaintiff left most of her possessions at the insured's residence that she did not vacate the insured's household). While Barna having his mail sent to his parent's house may constitute evidence of his residence there, courts in this Circuit have rejected this argument in the past. (Doc. 24-1, at 106); *Kuentzler*, 2007 WL 1726512, at *8 (finding that the plaintiff receiving mail at the insured's residence is not relevant to the inquiry of where the plaintiff resides).

Barna relies on the decision in *Fuentes v. USAA General Indemnity Co.,* No. 3:19-1111, 2021 WL 1225934 (M.D. Pa. April 1, 2021), but this Court finds the facts of record in this case distinguishable from those in *Fuentes*. In *Fuentes*, the court concluded that the record contained conflicting evidence as to where the plaintiff resided at the time of his death, including competing evidence as to the number of nights the plaintiff spent outside of the residence, . *Fuentes*, 2021 WL 1225934, at *4-9. Here, the undisputed record establishes that Barna did not live in the same residence as his Mother or Stepfather, as Barna's own deposition testimony reflects that he resided at his aunt's home at the time of the accident. (Doc. 24-1, at 81).

Considering the undisputed material facts in the record, the Court concludes that no reasonable juror could find that Barna lived at his Stepfather and Mother's residence. *See Estate of Parzych*, 675 F. Supp. 2d at 509-511 (considering the nature of the plaintiff's connection to the insured's residence to determine if it is permanent and not, "occasional, sporadic, and temporary contacts"). Barna is not a resident relative under his Stepfather or Mother's policies with State Farm. (Doc. 24-1, at 81; Doc. 23-1, at 33-34); *see Budd-Baldwin,* 947 F.2d at 1103 (finding that weekly weekend visits did not constitute residency for "resident

relative" status); see *Kuenzler,* 2007 WL 1726512, at *3-9 (finding that plaintiff did not live in the insured's residence as leaving the home and establishing multiple temporary residences disqualifies him from "resident relative" status); see *Estate of Parzych,* 675 F.Supp.2d 505, 509-511 (E.D. Pa. 2009) (finding that the plaintiff did not live with the insured when he leased an apartment with his wife and only occasionally stayed at the insured's house when there was predicted bad weather)*.* Accordingly, State Farm's motion for summary judgment (Doc. 21) should be granted.

4. **CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment is **GRANTED** (Doc. 21) and Barna's complaint is **DISMISSED with prejudice**. (Doc. 1-1). The Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

**Dated: September 11, 2024**                                    *s/ Karoline Mehalchick*
                                                                                          **KAROLINE MEHALCHICK**
                                                                                          **United States District Judge**